UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUG WOLSHLAGER,

    Plaintiff,

v.                                                                                                    Hon. Hala Y. Jarbou

ART COTTER, et al.,                                                                Case No. 1:22-cv-598

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed his complaint in this case on June 30, 2020, against Berrien County, 17 individual Defendants who appear to be law enforcement officers, and 20 John Doe Defendants. (ECF No. 1.) As he has done in most of his prior cases filed in this Court,[1] Plaintiff refers to Defendants as "kidnappers." Because Plaintiff has been granted leave to proceed *in forma pauperis*, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court concludes that Plaintiff's complaint must be dismissed as it fails to state a claim upon which relief may be granted and is frivolous as well.

---

[1] Plaintiff's previous cases include *i; a man, prosecutor v. Ben Eberly, et al.*, No. 1:17-cv-177; *i, a man, Prosecutor v. Jeff Gast*, *et al.*, No. 1:19-cv-293; and *Douglas Arthur Wolshlager v. Art Cotter, et al.*, No. 1:21-cv-812. In addition, after the instant case was filed, Plaintiff filed *Doug Wolshlager v. Arthur Clark III*, *et al.*, No. 1:22-cv-602. Plaintiff was granted leave to proceed *in forma pauperis* in each of these cases, and each case was dismissed on the ground that the complaint failed to state a claim upon which relief may be granted or for lack of jurisdiction because the claims were unsubstantial, frivolous, devoid of merit, and/or no longer open to discussion.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Plaintiff includes few factual details in his complaint. His allegations largely consist of rhetoric, legalese, and conclusory statements of constitutional and common-law violations. (ECF No. 1 at PageID.2–3, 10–13.) Plaintiff refers to his prior cases in this Court and argues that prior

dismissals show how judges of this Court are "protecting the State." (*Id.* at PageID.5.) Plaintiff alleges that his "[f]actual allegations herein begin in 2010 STATE Case #20100001407-FH and still exists today." (*Id.* at PageID.4.) Plaintiff does not identify any individual Defendant who took an action that violated his rights.

It appears that Plaintiff's complaint is based on an arrest, at some unknown time, for driving with an invalid license. Plaintiff alleges that he was stopped and arrested without "a 4th Amendment warrant" and was later bonded out of jail. (*Id.* at PageID.5–6.) Plaintiff seeks declaratory and injunctive relief, as well as damages in the amount of $31,182,972.24.

Plaintiff's complaint mirrors his previous complaints in this Court arising out of his arrests for driving with an invalid license. He seems to believe that he is entitled to drive a vehicle on public roads and highways without a valid driver's license and that authorities may not stop or detain him without a warrant. Magistrate Judge Green recently summarized the applicable law in *Doug Wolshlager v. Arthur Clarke III, et al.*, Case No. 1:22-cv-602:

> Pursuant to the Fourth Amendment, a "traffic stop is justified if the officer has an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of the law." *People v. Simmons*, 894 N.W.2d 86, 88 (Mich. Ct. App. 2016). It is unlawful in Michigan to operate a motor vehicle without a valid driver's license. Mich. Comp. Laws § 257.904. It is lawful for officers to arrest an individual who is operating a motor vehicle without a valid driver's license. *See People v. Lavallis*, 2019 WL 1050044 at *1-4 (Mich. Ct. App., Mar. 5, 2019). Moreover, "[w]arrantless arrests that take place in public upon probable cause do not violate the Fourth Amendment." *People v. Hammerlund*, 939 N.W.2d 129, 135 (Mich. 2019).

(Case No. 1:22-cv-602, ECF No. 6 at PageID.6.)

As in that case, Plaintiff fails to allege that the officers lacked lawful authority to stop him, and he does not dispute that he was driving without a valid driver's license. Therefore, I conclude that Plaintiff fails to state a claim upon which relief may be granted. In addition, based on

3

Plaintiff's litigation history in this Court of asserting claims that lack arguable merit, I recommend that the Court conclude that Plaintiff's complaint is frivolous.

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's complaint be **dismissed** for failure to state a claim and because it is frivolous. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: July 21, 2022                  /s/ Sally J. Berens
                                                                 SALLY J. BERENS
                                                                 U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).